IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 16-20008-02-DDC |
| **JASON SCOTT BELL,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Jason Bell's Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Due to Coronavirus (Doc. 434). Mr. Bell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. *Id.* at 3–4. The government opposes Mr. Bell's motion (Doc. 436). For the reasons explained below, the court dismisses Mr. Bell's motion for lack of jurisdiction.

1. **Legal Standard**

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's

---

[1] Because Mr. Bell proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

behalf. But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018). After this amendment, a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief. *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

### 2. Analysis

Mr. Bell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. Doc. 434 at 3–4. He argues that he has a medical condition that places him at higher risk for contracting COVID-19. *Id.* at 4. And, Mr. Bell asserts he filed a request with the warden's office for assistance in filing his motion on April 5, 2020, but he has not yet received a response. *Id.* at 5. The government contends the court is without jurisdiction to decide Mr. Bell's motion because he has failed to exhaust his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires. Doc. 436 at 2. According to the government, Mr. Bell has "at

most . . . indicated that an appeal to the facility's warden is pending as of April 5." *Id.* at 3. So the government asserts the court lacks jurisdiction to consider Mr. Bell's Motion because he has not completed the administrative appeal process.

The court agrees with the government. Mr. Bell's motion fails to show he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or that 30 days have elapsed since he submitted a request for a motion to the warden. 18 U.S.C. § 3582(c)(1)(A). Indeed, Mr. Bell reports that he filed an appeal with the warden on April 5, 2020. Doc. 434 at 5. But Mr. Bell filed his motion with the court on April 13, 2020— just one week later. Because 30 days have not elapsed since Mr. Bell submitted his request to the warden, the court lacks jurisdiction to decide Mr. Bell's motion. The court thus dismisses Mr. Bell's motion (Doc. 434). *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Jason Bell's Motion To Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 434) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 21st day of April, 2020, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**